UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


John S. Picard,                                            Case No. 1:18-cv-1672

        Petitioner,


    v.                                                          MEMORANDUM OPINION
                                          AND ORDER


David W. Gray, Warden,

        Respondent.


      This matter is before me on the Report and Recommendation of Magistrate Judge William

H. Baughman, Jr, (Doc. No. 12), and the objections of petitioner John S. Picard, (Doc. No. 13), to

Judge Baughman's Report and Recommendation.  Judge Baughman recommends I grant

Respondent's motion to dismiss Picard's petition and transfer the case to the Sixth Circuit as a

second or successive habeas petition, (Doc. No. 7), and that I deny Picard's motion to dismiss

Respondent's motion, (Doc. No. 8).

      If a petitioner files a second or successive habeas petition without first obtaining permission

from the Court of Appeals, "the district court shall transfer the document to [the Sixth Circuit]

pursuant to 28 U.S.C. § 1631."  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also* 28 U.S.C. §

2244(b)(3).

      Picard first filed a § 2254 petition in 2011, which was dismissed in part and denied in part in

2012.  (Doc. No. 12 at 2).  Judge Baughman concludes Picard's petition, which challenges a 2017

judgment entry, is a second or successive petition because that judgment entry "simply combined [a] previously separate 2009 restitution order and the sentence so as to comply with Ohio Criminal Rule 32." (Doc. No. 12 at 4).

Picard objects, claiming the initial judgment entry violated Ohio law because it did not include the restitution order. Therefore, he argues, the 2017 judgment entry is an intervening judgment, making this petition his first challenge to that judgment. (Doc. No. 13 at 1-2).

Picard is incorrect. The state court's 2017 judgment entry merely combined the two separate judgment entries Picard challenged through his 2011 petition. *See Askew v. Bradshaw*, 636 F. App'x 342, 347 (6th Cir. 2016) ("[I]f the petitioner is challenging the same state-court judgment that he already challenged or could have challenged in a previous federal habeas application, the district court must consult abuse-of-the-writ principles, as modified by AEDPA, to ascertain whether or not the petitioner's claims must meet the stringent requirements of 28 U.S.C. § 2244(b).").

Because Picard previously filed a § 2254 petition and did not first submit an application to the Sixth Circuit to file his current petition, I overrule his objections and adopt Judge Baughman's Report and Recommendation, (Doc. No. 12), as the Order of this Court. I grant Respondent's motion to dismiss and to transfer this case to the Sixth Circuit, (Doc. No. 7), deny Picard's motion to dismiss Respondent's motion, (Doc. No. 8), dismiss Picard's current petition, and transfer this case to the Sixth Circuit.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge